UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION JOSEPH MORA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHULA VISTA, CHULA VISTA POLICE DEPARTMENT, and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No.: 20cv779-GPC(AGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Dkt. No. 8.] |

Before the Court is Defendants City of Chula Vista and Chula Vista Police Department's motion to dismiss, or in the alternative, motion for a more definite statement. (Dkt. No. 8.) Plaintiff filed an opposition on November 4, 2020.[1] (Dkt. No. 10.) Defendants filed a timely reply on November 13, 2020. (Dkt. No. 11.) Based on

---

[1] In reply, Defendants argue that because Plaintiff's opposition was not timely as he was supposed to file his opposition by October 30, 2020, (Dkt. No. 9), the Court should grant the motion to dismiss for failure to comply with the local rules and the Court's order. (Dkt. No. 11 at 2.) Because the Court grants dismissal of the complaint based on the merits, the Court need not grant dismissal based on the filing of a late opposition. However, Plaintiff's counsel is on notice that a future failure to comply with the local rules or this Court's order, without seeking leave of court, may subject him to sanctions.

1

the reasoning below, the Court GRANTS Defendants' motion to dismiss with leave to amend.

## Background

On April 24, 2020, Plaintiff Dion Mora ("Plaintiff") file a 42 U.S.C. § 1983 civil rights complaint alleging numerous violations of his constitutional rights as well as asserting "pendent" state law claims against Defendants City of Chula Vista, Chula Vista Police Department ("CVPD") and John Does 1 to 3.  (Dkt. No. 1, Compl.)  According to the complaint, on February 21, 2019, Plaintiff, who is a medically diagnosed epileptic, was walking on Broadway in Chula Vista, California with his girlfriend and his mother when he suddenly froze in front of a "smoke shop" located at 699 Broadway.  (*Id.* ¶ 2.) At around 6:57 p.m., Plaintiff began convulsing and his mother and girlfriend called 911 for medical assistance.  (*Id.*)  The Chula Vista Fire Department and paramedics first arrived on the scene and the Chula Vista Police Department arrived shortly thereafter.  (*Id.* ¶¶ 2, 3.)  Shortly after the police arrived, Plaintiff came out of his seizure, was unaware of what was happening and became combative.  (*Id.* ¶ 3.)  Officers began to attack Mora by beating and kicking him which caused contusions, lacerations, lower back pain and a kidney injury.  (*Id.* ¶ 4.)  Plaintiff was transported to Scripps Mercy Hospital in Chula Vista and was hospitalized for three days due to kidney damage.  (*Id.* ¶ 5.) Mora sustained medical expenses in the amount of $43,153.56.  (*Id.* ¶ 6.)

The complaint summarily alleges violations of Plaintiff's First Amendment right to freedom of expression, Fourth Amendment right to be free from an unlawful seizures, Fifth and Fourteenth Amendment rights to due process "including the right to be free from unjustified and excessive force by policy, and [E]ighth [A]mendment right to be free from cruel and unusual punishment."  (*Id.* ¶ 20.)  The complaint also in one sentence alleges "false arrest and imprisonment, assault and battery, abuse of process, prima facie tort, conspiracy tort, negligence, and gross negligence under the laws of the State of California."  (*Id.* ¶ 25.)
/ / /

## Discussion

### A.  Legal Standard as to Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).  In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff.  *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture*

*Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend.  *See DeSoto,* 957 F.2d at 658; *Schreiber,* 806 F.2d at 1401.

**B.   Analysis**

Defendants move to dismiss the First and Fourteenth Amendment claims under 42 U.S.C. § 1983, the state law claims, and punitive damages claims.  They also move to dismiss CVPD maintaining it is a duplicate defendant.  Plaintiff filed an opposition but has failed to directly address the issues raised in Defendants' motion.  In his opposition, he asserts that he does not oppose dismissal of the abuse of process claim.

As a threshold matter, the Court notes that the complaint provides summary one-sentence allegations for violations of Plaintiff's constitutional rights as well as state law causes of action.  In one sentence, Plaintiff alleges his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights were violated.  (Dkt. No. 1, Compl. ¶ 20.)  In another sentence, he presents his state law claims asserting "false arrest and imprisonment, assault and battery, abuse of process, prima facie tort, conspiracy tort, negligence, and gross negligence under the laws of the State of California."[2]  (*Id.* ¶ 25.)

---

[2] While the complaint alleges pendent state law claims of false arrest and imprisonment, assault and battery, abuse of process, prima facie tort, conspiracy tort, negligence and gross negligence, (Dkt. No. 1, Compl. at p. 5-6), Plaintiff's opposition addresses each of these state law claims by citing to federal criminal statutes, a federal regulation and the 42 U.S.C. § 1983 statute.  (Dkt. No. 10-1 at 5-10.)  State law applies to state law causes of action.  He provides no legal authority that the federal statutes he cites support an analysis of the state law claims.

In reply, Defendants object to exhibits 1-3 attached to Plaintiff's opposition as well as Plaintiff's declaration. (Dkt. No. 11 at 3.)  In support of Plaintiff's opposition, Plaintiff attached photos of himself after the incident, his medical records, a San Diego Union Tribune article about an excessive force incident, and his own declaration. (Dkt. No. 10 at 13-30; Dkt. No. 10-2, Mora's Decl.)  On a motion to dismiss, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion" unless the documents are attached to the complaint or matters of judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citation omitted). Here, Plaintiff relies on these documents to argue the merits of his case which is not proper on a motion to dismiss.  Accordingly, the Court SUSTAINS Defendants' objections to exhibits 1-3 and Plaintiff's declaration filed in support of Plaintiff's opposition.

4

Rule 8(a)(2) requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough specific facts to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [that claim] rests." *Twombly*, 550 U.S. at 555 & n.3 (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing *Twombly*, 550 U.S. at 555). Plaintiff has an obligation to provide the grounds of his entitlement to relief and must present more "than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

In this case, the Complaint wholly fails to comply with Rule 8 as there are no facts to support the elements of any of the constitutional or state law claims. (*See* Dkt. No. 1, Compl.) Thus, the Court GRANTS Defendants' motion to dismiss the First and Fourteenth[3] and state law causes of action for failure to state a claim. *See Hunt v. Cnty. of El Dorado*, No. 2:10–CV–01367–FCD–KJM, 2011 WL 86360, at *1 (E.D. Cal. Jan. 10, 2011) (declining to address merits of defendants' motions because the FAC lacks the necessary facts to place defendants on proper notice under Rule 8.)

Additionally, Defendants argue that CVPD is a duplicative defendant as it is a department of the City of Chula Vista but acknowledges that a city and its police department can be named as separate defendants if a plaintiff alleges distinct conduct by them. (Dkt. No. 8-1 at 19-20.) However, Defendants argue that courts dismiss police departments as duplicative where the claims against a city and its police department arise from the same facts. *(Id.)*

---

[3] While Defendants do not move to dismiss the Fourth and Fifth Amendment claims, the Court's analysis necessarily applies to these claims too.

Here, because the Court is granting dismissal of all claims with leave to amend to provide facts to support each of action, the Court declines finds it premature and declines to address this issue.

Finally, Defendants contend that the designation of John Doe 1, 2, and 3 in the complaint should not be allowed to proceed because Plaintiff could have inquired and obtained the names of these John Doe defendants. Furthermore, they argue that even if the police officers' names are identified, the allegations are confusing as to the role of each John Doe defendant. In response, Plaintiff does not address the John Doe arguments but solely argues that he may designate the Chief of Police and police officers as defendants. (Dkt. No. 10-1 at 10-11.)

Use of "John Doe" is not favored in this circuit but in situations where the plaintiff is unable to learn the identity of the alleged defendants, discovery should be permitted. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). The court "will not permit use of the 'Doe' designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful neglect or lack of reasonable inquiry. If reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed." *Nam Soon Jeon v. 445 Seaside, Inc.*, 288 F.R.D. 492, 497 (D. Haw. 2013).

Here, the complaint names John Doe 1 as a police officer of the CVPD, John Doe 2 as a police officer of the CVPD, and John Doe 3 as the appointed Chief of Police of the CVPD. (Dkt. No. 1, Compl. ¶¶ 8-10.) As Defendants point out, the name of the Police Chief of the CVPD is a matter of public record and publicly available on the City's website. Moreover, Plaintiff could have easily obtained the names of the two officers involved in the incident by making the request to the CVPD. Accordingly, because it appears that Plaintiff has not made a reasonable inquiry in identifying the John Doe defendants, the Court GRANTS dismissal of the John Doe Defendants.

### C.     Leave to Amend

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Even though Plaintiff does not seek leave to amend if the Court dismisses the complaint, because leave to amend would not be futile, the Court GRANTS Plaintiff leave to file an amended complaint.  *See DeSoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.  Plaintiff is granted leave to file an amended complaint that complies with Rule 8.

### Conclusion

Based on the above, the Court GRANTS Defendants' motion to dismiss the complaint with leave to amend.  Plaintiff shall file an amended complaint on or before **December 18, 2020**.  The hearing set on December 18, 2020 shall be **vacated.**

IT IS SO ORDERED.

Dated:  December 3, 2020

Hon. Gonzalo P. Curiel
United States District Judge