UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION JOSEPH MORA, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>CITY OF CHULA VISTA, CHULA VISTA POLICE DEPARTMENT, and DOES 1 THROUGH 100, inclusive,<br><br>                                    Defendants. | Case No.:  20cv779-GPC(AGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND AND GRANTING DEFENDANTS' MOTION TO STRIKE**<br><br>**[Dkt. Nos. 15, 16.]** |

Before the Court is Defendants' motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), or in the alternative, motion for a more definite statement under Rule 12(e) and a motion to strike exhibits attached to the first amended complaint pursuant to Rule 12(f).  (Dkt. Nos. 15, 16.) Plaintiff filed oppositions to both motions on February 17, 2021.   (Dkt. No. 18, 19.) Defendants filed their replies on March 5, 2021.  (Dkt. Nos. 20, 21.)  The Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1).  Based on the reasoning below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss with leave to amend and GRANTS Defendants' motion to strike exhibits attached to the first amended complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Background**

On April 24, 2020, Plaintiff Dion Mora ("Plaintiff") filed a 42 U.S.C. § 1983 civil rights complaint alleging numerous violations of his constitutional rights as well as "pendent" state law claims against Defendants City of Chula Vista, Chula Vista Police Department ("CVPD") and John Does 1 to 3.  (Dkt. No. 1, Compl.)  After the Court granted Defendants' motion to dismiss with leave to amend, (Dkt. No. 12), Plaintiff filed the operative first amended complaint ("FAC") against Defendants City of Chula Vista, Chula Vista Police Department, Police Chief of the CVPD, Roxcana Kennedy, and Chula Vista Police Officers Christopher Drouin ("Drouin"), Gregory Arnold ("Arnold") and John Rodrigues ("Rodrigues") (collectively "Defendants").  (Dkt. No. 13.)

According to the FAC, on February 21, 2019, Plaintiff, who is a medically diagnosed epileptic, was walking on Broadway in downtown Chula Vista, California with his girlfriend, Leslie Julianna Garcia, and his mother, Julia Garcia when he was overcome by a seizure causing him to lose the ability to control his actions.  (*Id.* ¶ 2.)  Plaintiff was frozen, shaking and convulsing and struggling to breathe.  (*Id.*)  His mother and girlfriend called 911 for medical assistance.  (*Id.*)  The Chula Vista Fire Department, Paramedics and the Chula Vista Police Department arrived on the scene.  (*Id.*)  Instead of assisting Plaintiff into the ambulance, Defendants Rodrigues, Druoin and Arnold ("Defendant Police Officers") responded by holding Plaintiff to the ground.  (*Id.*)  Defendant Police Officers proceeded to attack Mora by beating and kicking him on the ground which caused contusions, lacerations, lower back pain and severe kidney injury despite his mother and girlfriend's several pleas asking the officers to stop.  (*Id.* ¶ 3.)

The FAC alleges 42 U.S.C. § 1983 violations of 1) Plaintiff's Fourth Amendment right against unreasonable seizure and prolonged detention; 2) Eighth Amendment right to be free from cruel and unusual punishment; 3) Fourteenth Amendment right to equal protection under the law; and state law causes of action for 4) false imprisonment, 5) false arrest, 6) assault, 7) battery, 8) gross negligence, 9) negligence, and 10) conspiracy

tort.  (Dkt. No. 13, FAC 19-66.)  He also seeks punitive damages.  (*Id.* ¶¶ 67-70.)
Defendants move to dismiss all causes of action.

**Discussion**

**A.     Legal Standard as to Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to
state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal
under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or
sufficient facts to support a cognizable legal theory.  *See Balistreri v. Pacifica Police
Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure
8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim
showing that the pleader is entitled to relief," and "give the defendant fair notice of what
the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded
factual allegations as true, it contains enough facts to "state a claim to relief that is
plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*,
550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference that the defendant is liable
for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not suffice." *Id.*  "In sum, for a
complaint to survive a motion to dismiss, the non-conclusory factual content, and
reasonable inferences from that content, must be plausibly suggestive of a claim entitling
the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009)
(quotations omitted).  In reviewing a Rule 12(b)(6) motion, the Court accepts as true all
facts alleged in the complaint, and draws all reasonable inferences in favor of the
plaintiff.  *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless
the court determines that the allegation of other facts consistent with the challenged

3

pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend.  *See DeSoto,* 957 F.2d at 658; *Schreiber,* 806 F.2d at 1401.

### 1.   Rule 8(a)(2) - Fair Notice Requirement

As an initial matter, Defendants argue that they do not have fair notice as to what claims are attributed to which defendant as they are lumped together as "Defendants." (Dkt. No. 15-1 at 10.)  Plaintiff responds that on each cause of action, the FAC alleges the actions of "Defendants" who are identified as the City of Chula Vista, CVPD, Police Chief Kennedy and the Defendant Police Officers; therefore, they have been named and have fair notice of the claims against them.  (Dkt. No. 18 at 3-4.)

Rule 8(a)(2) requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough specific facts to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [that claim] rests."  *Twombly*, 550 U.S. at 555 & n.3 (citation and quotation marks omitted); *see also Iqbal,* 556 U.S. at 678 (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation") (citing *Twombly,* 550 U.S. at 555).  Plaintiff has an obligation to provide the grounds of his entitlement to relief and must present more "than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly,* 550 U.S. at 555 (internal quotations omitted).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support the plaintiff's claim.  *Id.*

Here, the FAC alleges Defendant Police Officers Drouin, Arnold and Rodrigues held Plaintiff to the ground and proceeded to beat and kick him.  (Dkt. No. 13, FAC ¶¶ 2, 3.)  On the first claim for excessive force, the Court concludes that the facts sufficiently place Defendant Police Officers on notice as to the allegations against them.  Thus, the Court DENIES Defendants' motion to dismiss the first cause of action.

However, on the remaining causes of action, Plaintiff lumps the conduct of each defendant as "Defendants."  However, lumping multiple named defendant by alleging "Defendants" without attributing how each Defendant was involved in the causes of action fails to comply with Rule 8.  *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple defendants in one broad allegation fails to satisfy notice requirement of Federal Rule of Civil Procedure 8(a)(2)); *Hernandez v. City of Farmersville*, No. CV F 09–2125 LJO GSA, 2010 WL 761202, at *5 (E.D. Cal. Mar. 3, 2010) (dismissing complaint because it lumps three individual officer defendants as "officers" without attributing separate acts, wrongs or omissions to each of them respectively); *Sibrian v. San Bernardino Cnty*, Case No. 2:09-cv-08014-JHN-DTBx 2010 WL 1147465, at *4 (C.D. Cal. July 21, 2010) (improperly lumping all Defendants together into an illegal entry cause of action, and baldly asserts that the entry was "without a valid warrant"); *see also Corazon v. Aurora Loan Servs*., *LLC*, No. 11–00542 SC, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011) ("Aurora should not be required to guess which allegations pertain to it.  By failing to differentiate among defendants or specify which defendant is the subject of Plaintiff's various allegations, Plaintiff's Complaint violates Rule 8(a)(2) because it fails to provide Aurora with fair notice of its alleged misconduct.").

Therefore, the Court concludes that Plaintiff fails to allege facts showing the conduct of each defendant to support the remaining causes of action.  Thus, the Court DENIES Defendants' motion to dismiss the excessive force claim and GRANTS Defendants' motion to dismiss the Eight Amendment, Fourteenth Amendment, false imprisonment, false arrest, assault, battery, gross negligence, negligence and conspiracy

tort claims under Rule 8.  In order to provide Plaintiff with guidance in filing a second amended complaint, the Court will address some of Defendants' other arguments.

### 2.      42 U.S.C. § 1983 – Eighth Amendment

Defendants move to dismiss the Eighth Amendment claim because the allegations that Plaintiff was seized, detained and beaten by Defendant Police Officers fail to state a claim  under the Eighth Amendment.  (Dkt. No. 15-1 at 11.)  Plaintiff argues, without any legal authority, that the excessive force he suffered and the unreasonable seizure and prolonged detention was a violation of the Eighth Amendment right against cruel and unusual punishment.

The Eighth Amendment's prohibition of "cruel and unusual punishments" applies only "after conviction and sentence."  *Graham v. Connor*, 490 U.S. 386, 393 & n.6 (1989); *Ingraham v. Wright*, 430 U.S. 651, 670-71 (1977) (After incarceration, only the "'unnecessary and wanton infliction of pain,'[  ] constitutes cruel and unusual punishment forbidden by the Eighth Amendment.").

Here, Plaintiff has not alleged he was convicted of a crime or that the conduct occurred after a conviction and sentence; therefore, he has not plausibly alleged a violation of the cruel and unusual punishment under the Eighth Amendment.  The Court additionally GRANTS Defendants' motion to dismiss the Eighth Amendment claim with prejudice.

### 3.      42 U.S.C. § 1983 – Fourteenth Amendment – Equal Protection

Defendants argue that the Fourteenth Amendment claim fails as it is conclusory without factual allegation to support the claim.  (Dkt. No. 15-1 at 12.)  Plaintiff opposes. (Dkt. No. 18 at 7.)

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1.  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon

membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citation omitted).

"Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). (citation omitted). "Laws alleged to violate the constitutional guarantee of equal protection are generally subject to one of three levels of 'scrutiny' by courts: strict scrutiny, intermediate scrutiny, or rational basis review." *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 543 (9th Cir. 2004). Strict scrutiny applies when the classification is made on "suspect" grounds such as race, ancestry, alienage, or categorizations impinging upon fundamental rights. *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1277 (9th Cir. 2004).

If Plaintiff's alleged classification does not fall under a suspect class, a plaintiff may (1) claim that he was discriminated against based on his membership in an identifiable group that is not considered suspect or protected, which would be subject to rational basis review, *Does 1-5 v. Chandler,* 83 F.3d 1150, 1155 (9th Cir. 1996), or (2) allege a "class of one" claim, where he must plead that the defendant "intentionally, and without rational basis, treated the plaintiff differently from others similarly situated," *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

The FAC alleges that Plaintiff is a member of the protected class constituting those who need immediate medical attention, such as those experiencing seizures from epilepsy. (Dkt. No. 13, FAC ¶ 33.) Plaintiff alleges that Defendants had the intent to harm and discriminate him and those facing epileptic seizures. (*Id.*) He also claims that he was not treated equally compared to other persons facing a similar medical problem as one would normally be placed in an ambulance and taken to the hospital instead of being beaten and handcuffed. (*Id.* ¶ 34.)

The Court concludes that the FAC allegations concerning equal protection is summary and does not sufficiently allege a claim to support an equal protection claim. Thus, the Court additionally GRANTS Defendants' motion to dismiss the Fourteenth Amendment equal protection claim.

### 3.      State Law Causes of Action

Defendants argue that the state law claims fail to state a claim because Plaintiff has failed to identify a statutory basis to support liability against the City of Chula Vista and CVPD, as public entiles, and against Defendant Police Officers, as public employees. (Dkt. No. 15-1 at 12-13.)  In response, Plaintiff maintains that the applicable statute that his causes of actions are premised on is 42 U.S.C. § 1983.  (Dkt. No. 18 at 6-7.)

The California Tort Claims Act ("CTCA") provides the exclusive scope of tort liability for government entities and employees.  Cal. Gov't Code § 810, *et seq*.  The CTCA abolished common law governmental tort liability.  *Becerra v. Cnty. of Santa Cruz*, 68 Cal. App. 4th 1450, 1457 (1998).  Thus, "in the absence of some constitutional requirement, public entities may be liable *only* if a statute declares them to be liable." *Id.* (emphasis in original); *see also* Cal. Gov't Code § 815[1]*; Michael J. v. Los Angeles Cnty. Dept. of Adoptions*, 201 Cal. App. 3d 859, 866 (1988) ("Under the Act, governmental tort liability must be based on statute; all common law or judicially declared forms of tort liability, except as may be required by state or federal Constitution, were abolished"); *Miklosy v. Regents of Univ. of Cal.,* 44 Cal. 4th 876, 899 (2008) ("section 815 abolishes common law tort liability for public entities").

Here, Plaintiff alleges state law causes of action against the City of Chula Vista and the Chula Vista Police Department for false imprisonment, false arrest, assault, battery, gross negligence, negligence and conspiracy tort.  (Dkt. No. 13, FAC ¶¶ 35-66.) However, the FAC and Plaintiff's opposition fail to cite to a statutory basis to support liability against the City of Chula Vista and the CVPD.  Plaintiff's citation to the federal civil rights statute to support state law claims against Defendants is without merit. Accordingly, the Court additionally GRANTS Defendants' motion to dismiss the state

---

[1] A public entity is not liable under state law "for an injury, whether such injury arises out of an act or omission of the public entity or public employee or any other person" except "as otherwise provided by statute." Cal. Gov't Code § 815(a).

law claims against the City of Chula Vista and the CVPD.[2]  *See Dudgeon v. Cnty. of Sonoma*, Case No. 19-cv-05615-JCS, 2020 WL 663477, at *6 (N.D. Cal. Feb. 11, 2020) (granting the plaintiff leave to amend to include specific statutory exceptions, sections 820 and 815.2, to immunity based on the defendants' argument that the plaintiff's state law claims against the County of Sonoma fail because the plaintiff did not identify a statutory duty upon which the County can be liable.); *Alexander v. City of San Diego*, Civil No. 09–cv–2905–L(BGS), 2011 WL 6734841, at *2 (S.D. Cal. Dec. 21, 2011) (complaint failed to allege liability against the city as there was no mention of respondeat superior, California Government Code § 815.2 and § 820(a), and no allegations of wrongdoing by the City . . . .").  However, the Court notes that Defendants fail to provide legal support that the FAC must assert a statutory basis of liability against individual Defendant Police Officers on the state law claims.[3]  (Dkt. No. 15-1 at 12-13.)  Therefore, the Court declines to grant dismissal on this additional ground.

### 4.    False Imprisonment and False Arrest Claims are Duplicative

---

[2] The Court notes that California Government Code section 815.2 "makes a public entity vicariously liable for its employee's negligent acts or omissions within the scope of employment."  *Eastburn v. Regional Fire Protection Auth.*, 31 Cal. 4th 1175, 1180 (2003); *see also Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 393 (9th Cir. 2014) (public entitles are liable for the actions of their employees) (citing California Government Code section 815.2(a)). However, if the employees are immune from liability, the public entitles are also immune.  *Rivera*, 745 F.3d at 393 (citing California Government Code section 815.2(b)).  To the extent one could argue that the FAC's allegation that Defendant Police Officers were acting "in such capacity as the agent, servant, and employee of Defendants' Roxana Kennedy, the City of Chula Vista and the Chula Vista Police Department", (Dkt. No. 13, FAC ¶ 7), and that Roxana Kennedy was acting as the "agent, servant, and employee of the City of Chula Vista, (*id.* ¶ 8), could support vicarious liability, such summary legal statements fail to state a claim of vicarious liability.  *See e.g., Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 414 (N.D. Cal. 2009) (dismissing claims against alleged agents, subsidiaries, parents, joint venturers, or predecessors because such allegations were "nothing more than bare legal conclusions, which the [c]ourt need not accept as true"); *Media, LLC. v. LWRC Intern. LLC*, No. CV 11–3405 CAS (FEMX), 2012 WL 386695, at *4 (C.D. Cal. Feb. 6, 2012) (allegation of "alter egos, agents, servants, employees, and joint ventures [sic] of each of the other Defendants" not sufficient to allege vicarious liability).

[3] A public employee is generally "liable for injury caused by his act or omission to the same extent as a private person."  Cal. Gov't Code § 820(a).

Defendants move to dismiss the false arrest and false imprisonment claim arguing that the two claims fail to provide factual allegations to determine whether Plaintiff is alleging a false arrest or false imprisonment claim.  (Dkt. No. 15-1 at 14.)  However, in his opposition, Plaintiff, despite arguing they are distinct causes of action, the false arrest and false imprisonment claims arise from the same facts that the Police Officers held Plaintiff to the ground against his will and beat him while he was having a seizure and he was not free to leave.  (Dkt. No. 18 at 7-8.)

Under California law, the torts of false arrest and false imprisonment are not separate torts, as false arrest is "but one way of committing a false imprisonment." *Watts v. Cnty. of Sacramento*, 256 F.3d 886, 891 (9th Cir. 2001) (quoting *Asgari v. City of Los Angeles*, 15 Cal. 4th 744, 752 n. 3 (1997)).  In California, the "elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Tekle v. United States*, 511 F.3d 839, 854 (9th Cir. 2007) (citing *Easton v. Sutter Coast Hosp*., 80 Cal. App. 4th 485, 495 (2000)).  "A cause of action for false imprisonment based on unlawful arrest will lie where there was an arrest without process followed by imprisonment." *Watts*, 256 F.3d at 891.

In the FAC, the false imprisonment claim is based on allegations that Plaintiff was not free to move when he was physically forced to the ground and punched and kicked, (Dkt. No. 13, FAC ¶¶ 36-38), while the false arrest claim alleges that he was "wrongfully arrested by Defendant Police Officers." (*Id.* ¶ 40.)  However, in opposition, Plaintiff argues the false imprisonment and false arrest claims are based on the same conduct. (Dkt. No. 18 at 7-8.)  Because Plaintiff is granted leave to amend, he shall amend and clarify these causes of action.

### 5.    Punitive Damages

Defendants argue that the punitive damages against the City of Chula Vista and CVPD is prohibited under California Government Code section 818.  (Dkt. No. 15-1 at 16-17.)  Second, they contend that the FAC fails to allege facts to support punitive

damages against the individual defendants.  (*Id.*)  In response, Plaintiff does not address Defendants' legal argument but presents general claims of Defendants' misconduct and that "Defendants' must pay punitive damages . . . for the egregious and reprehensible acts committed on Mr. Mora."  (Dkt. No. 18 at 13.)

Government Code section 818 states, "[n]otwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."  Cal. Gov't Code 818. "California Government Code § 818 bars any award of punitive damages against a public entity."  *Westlands Water Dist. v. Amoco Chemical Co*., 953 F.2d 1109, 1113 (9th Cir. 1991).  Therefore, the Court additionally GRANTS Defendants' motion to dismiss the punitive damages claim against the City of Chula Vista and the CVPD.

As for the individual defendants, California Civil Code section 3294 provides, "(a) [a]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."  Cal. Civ. Code § 3294.  In federal court, a plaintiff may include a "'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent."  *Taheny v. Well Fargo Bank, N.A.,* No. CIV. S–10–2123 LKK/EFB, 2011 WL 1466944 at *4 (Apr. 18, 2011) (citations omitted).

Here, the Court notes that Plaintiff has sufficiently alleged that the individual named Defendant Police Officers' conduct was willful, malicious or intended to oppress and cause injury to Plaintiff.  (Dkt. No. 13, FAC ¶¶ 42, 46, 50.)  Therefore, the Court declines to grant dismissal on this additional ground. [4]

---

[4] Because the Court grants Defendants' motion to dismiss the state law claims under Rule 8 with leave to amend, at this stage, the Court declines to address Defendants' remaining arguments that Plaintiff has

**B.      Federal Rule of Civil Procedure 12(f)**

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S. 517 (1994)).

Defendants move to strike Exhibits A through F that are attached to the FAC because they are not written instruments for purposes of Rule 10(c).  (Dkt. No. 16-1 at 3.) Plaintiff argues that these exhibits are written instruments on which his causes of action are based.  (Dkt. No. 19 at 3-5.)

"A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).  Rule 10(c) "authorizes the incorporation of 'a written instrument that is an exhibit' attached to a pleading and makes the material thus incorporated an integral part of that pleading for all purposes."  Wright & Miller, Federal Practice and Procedure: Civil 2d § 1327 (4th ed.).  "A written instrument within the meaning of Rule 10(c) is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement."  *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) (internal quotations omitted); *Green Ventures Intern., LLC, P'ship. v. Guttridge*, C.A. No. 2:10-cv-1709-MBS, 2010 WL 5019363, at *4 (D.S.C. Dec. 1, 2010) (quoting *Rose v. Bartle*, 871 F.2d 331, 340 n. 3 (3d Cir. 1989)) ("Exhibits that may be incorporated within the pleadings under Rule 10(c) include:

---

not alleged a claim for conspiracy tort, negligence, gross negligence and whether CVPD is a duplicative defendant.  (Dkt. No. 15-1 at 14-16.)  As such, the Court DENIES Defendants' request for judicial notice as moot.  (Dkt. No. 15-2.)

1  'documentary evidence, specifically, contracts, notes, and other writings on which a
2  party's action or defense is based.'").  "[W]itness affidavits and other exhibits containing
3  largely evidentiary material typically do not fall within Rule 10(c)'s category of 'written
4  instruments.'"  *Montgomery v. Buege*, CIV. 08–385 WBS KJM, 2009 WL 1034518, at *3
5  (E.D. Cal. Apr.16, 2009); 5C Wright & Miller, Federal Practice & Procedure § 1327 (4th
6  ed.) ("Lengthy or numerous exhibits containing extraneous or evidentiary material should
7  not be attached to the pleadings.").  The Ninth Circuit has held that "affidavits and
8  declarations . . . are not allowed as pleading exhibits unless they form the basis of the
9  complaint."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis
10  added).

11      Here, the Court concludes the Exhibits A-F do not constitute written instruments as
12  contemplated under Rule 10(c).  Exhibit A consists of black and white photos of Plaintiff
13  and his injuries, and Exhibit B is a letter from Plaintiff's physician concerning his
14  seizures.  Exhibit A and B are evidentiary materials that do not fall under Rule 10(c).  *See*
15  *Montgomery*, 2009 WL 1034518, at *3; *Galvan v. Yates*, No. CVF 05-0986 AWI LJO,
16  2006 WL 1495261, at *4 (E.D. Cal. May 24, 2006) (striking attachments to the second
17  amended complaints because they are not "written instruments" as contemplated under
18  Rule 10(c) but instead "are in the nature of evidence submitted to bolster Plaintiffs'
19  allegation as set forth in the SAC.").

20      Next, Exhibit C is a newspaper article from the San Diego Union Tribune about a
21  separate incident involving Chula Vista Police in March 2020; Exhibit D is a webpage
22  from policescorecard.org that provides data on the Chula Vista Police Department;
23  Exhibit E appears to be webpage from the City of Chula Vista regarding number of
24  police officer involved shooting incidents since 2000; and Exhibit F is an article on the
25  Everyday Health website regarding police and epilepsy.

26      Exhibits C to F are not "documentary evidence" or "written instruments" that are
27  intended to be incorporated into the complaint.  *See Mart v. Forest River, Inc*., No.
28  3:10cv118, 2011 WL 924289, at *3 (N.D. Ind. 2011) (noting that "newspaper articles are

not written instruments"); *Perkins v. Silverstein*, 939 F.2d 463, 467 n.2 (7th Cir. 1991) ("The newspaper articles, commentaries and editorial cartoons which Perkins attached to the complaint referencing this "scandal," are not the type of documentary evidence or "written instrument[s]" which Fed. R. Civ. P. 10(c) intended to be incorporated into, and made a part of, the complaint."); Wright & Miller, Federal Practice and Procedure: Civil § 1327 (4th ed.) ("Of course, lengthy or numerous exhibits containing extraneous or evidentiary material should not be attached to the pleadings."). Also, Exhibits C to F do not form the basis of the claims, and in fact, the complaint makes no reference to them. *See e.g., Ritchie*, 342 F.3d at 908.

Accordingly, the Court GRANTS Defendants' motion to strike Exhibits A to F attached to the Complaint. By granting this motion, the Court makes no determination as to the admissibility of the stricken documents as evidence in any further proceeding before the Court.

**C.     Leave to Amend**

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Even though Plaintiff does not seek leave to amend if the Court dismisses the complaint, because leave to amend would not be futile, the Court GRANTS Plaintiff **one final opportunity** for leave to file a second amended complaint. *See DeSoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401. Plaintiff is granted leave to file a second amended complaint to cure the deficiencies noted in the Court's order.

**Conclusion**

Based on the above, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss with leave to amend. The Court DENIES Defendants' motion to dismiss the first cause of action alleging an excessive force claim under the Fourth Amendment and GRANTS Defendants' motion to dismiss the remaining causes of action

14

for failing to comply with Rule 8.  In addition, the Court GRANTS Defendants' motion to strike Exhibits A to F attached to the Complaint.  Plaintiff shall file a second amended complaint on or before **April 12, 2021**.

IT IS SO ORDERED.

Dated:  March 25, 2021

Hon. Gonzalo P. Curiel
United States District Judge

20cv779-GPC(AGS)