UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DION JOSEPH MORA, an individual,

Plaintiff,

v.

CITY OF CHULA VISTA, CHULA VISTA POLICE DEPARTMENT, ROXANA KENNEDY, CHRISTOPHER DROUIN, GREGORY ARNOLD, JOHN RODRIGUES, and DOES 1 through 100, inclusive,

Defendants.

Case No.:  20cv779-GPC(AGS)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

**[Dkt. No. 36.]**

Before the Court is Defendants' motion to dismiss the third amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), or in the alternative, motion for a more definite statement under Rule 12(e).  (Dkt. No. 36.)  Plaintiff filed an opposition.  (Dkt. No. 38.)  Defendants filed their reply.  (Dkt. No. 39.)  Based on the reasoning below, the GRANTS in part and DENIES in part Defendants' motion to dismiss.

/ / /

/ / / /

**Background**

On April 24, 2020, Plaintiff Dion Mora ("Plaintiff") filed a 42 U.S.C. § 1983 civil rights complaint alleging numerous violations of his constitutional rights as well as state law claims against Defendants City of Chula Vista, Chula Vista Police Department ("CVPD") and John Does 1 to 3.  (Dkt. No. 1, Compl.)  After the Court granted Defendants' motion to dismiss with leave to amend, (Dkt. No. 12), Plaintiff filed a first amended complaint ("FAC") against Defendants City of Chula Vista, CVPD, Police Chief of the CVPD, Roxana Kennedy ("Police Chief Kennedy"), and Chula Vista Police Officers Christopher Drouin ("Drouin"), Gregory Arnold ("Arnold") and John Rodrigues ("Rodrigues") (collectively "Officer Defendants").  (Dkt. No. 13.)   On March 26, 2021, the Court granted Defendants' motion to strike and granted in part and denied in part their motion to dismiss.  (Dkt. No. 24.)  The Court found that the complaint sufficiently alleged an excessive force claim against the Officer Defendants.  (*Id.* at 5.[1])  Even though Plaintiff did not seek leave to amend, the Court granted Plaintiff one final opportunity to file a second amended complaint to cure the deficiencies noted in the order.  (*Id.* at 14.)  On April 12, 2021, Plaintiff filed a second amended complaint ("SAC") against the City of Chula Vista, CVPD, Police Chief Roxana, and John Does 1 to 100.  (Dkt. No. 25.)  Plaintiff had dropped the Officer Defendants as defendants.  (*Id.*)  Defendants again filed a motion to dismiss the SAC.  (Dkt. Nos. 28, 30, 31.)  At the motion hearing the Court, without ruling on Defendants' motion, granted Plaintiff a final opportunity to file a third amended complaint.  (Dkt. No. 33.)

On July 9, 2021, Plaintiff filed the operative third amended complaint ("TAC") against Defendants City of Chula Vista, CVPD, Police Chief Kennedy, and Chula Vista Police Officers Drouin, Arnold, and Rodrigues.  (Dkt. No. 35, TAC.)  According to the TAC, on February 21, 2019, Plaintiff, who is an epileptic, was walking on Broadway in

---

[1] Page numbers are based on the CM/ECF pagination.

downtown Chula Vista, California with his girlfriend, Leslie Julianna Garcia, and his mother, Julia Garcia when he was overcome by a seizure causing him to lose the ability to control his actions.  (*Id.* ¶ 2.)  Plaintiff was frozen, shaking and convulsing and struggling to breathe.  (*Id.*)  His mother and girlfriend called 911 for medical assistance.  (*Id.*)  The Chula Vista Fire Department, Paramedics and the CVPD arrived on the scene.  (*Id.*)  Instead of assisting Plaintiff into the ambulance, Officer Defendants Rodrigues, Druoin and Arnold responded by holding Plaintiff to the ground.  (*Id.*)  Defendant Police Officers proceeded to attack Mora by beating and kicking him on the ground which caused contusions, lacerations, lower back pain and severe kidney injury.  (*Id.* ¶ 3.)

The TAC alleges 42 U.S.C. § 1983 ("§ 1983") violations of the 1) Fourth Amendment right against unreasonable seizure and excessive force; 2) Fourteenth Amendment right to equal protection under the law; and state law causes of action for 3) false imprisonment, 4) assault, 5) battery and 6) conspiracy tort.  (Dkt. No. 13, TAC ¶¶ 19-48.)  He also seeks punitive damages against Officer Defendants Rodrigues, Drouin and Arnold.  (*Id.* ¶¶ 49-52.)

Defendants now move to dismiss certain portions of the TAC on a number of grounds.  (Dkt. No. 36.)  In response, Plaintiff opposes the motion to dismiss on the § 1983 federal claims but withdraws the state law claims.  (Dkt. No. 38 at 7.)  Accordingly, the Court GRANTS Defendants' motion to dismiss the claims for false imprisonment, assault, battery, and conspiracy tort as unopposed.

## Discussion

### A.   Legal Standard as to Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim

20cv779-GPC(AGS)

showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

**B.     Second Cause of Action - 42 U.S.C. § 1983 – Equal Protection**

Defendants argue that the second cause of action does not allege facts sufficient to support a claim for violation of Plaintiff's equal protection rights. (Dkt. No. 36-1 at 14-15.) Plaintiff argues that he has provided sufficient facts to put Defendants on notice of his claim. (Dkt. No. 38 at 5-6.)

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citation omitted).

"Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). (citation omitted).  "Laws alleged to violate the constitutional guarantee of equal protection are generally subject to one of three levels of 'scrutiny' by courts: strict scrutiny, intermediate scrutiny, or rational basis review." *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 543 (9th Cir. 2004). Strict scrutiny applies when the classification is made on "suspect" grounds such as race, ancestry, alienage, or categorizations impinging upon fundamental rights.  *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1277 (9th Cir. 2004).

Here, the TAC summarily alleges that Officer Defendants intended to harm and discriminate against Plaintiff due to his race of being Latino and the color of his skin. (Dkt. No. 35, TAC ¶¶ 28, 29.)  He also claims that he should have been placed in an ambulance and taken directly to the hospital but instead was discriminated against due to his race.  (*Id.* ¶ 29.)

"Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Bd. of Regents*, 673 F. 2d 266, 268 (9th Cir. 1982)).   The plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" to support the plaintiff's claim. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977) (citation omitted).

Here, Plaintiff presents a conclusory allegation without any supporting facts.  He does not identify anything that the Officer Defendants did or said when they beat and attacked Plaintiff that would suggest that their actions were motivated by his race nor does he allege the Officer Defendants protected others from excessive force while denied these same protections to Plaintiff based on his race.  By failing to provide any supporting facts to support an equal protection claim, the TAC fails to state a claim. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 & n.3 (9th Cir. 1984) (district court properly dismissed § 1983 claims premised on bare allegations of discrimination against African-Americans "unsupported by any facts as to how race entered into any

decisions"); *Macias v. Cleaver,* Case No. 1:13-cv-01819-BAM, 2016 WL 3553274, at *2 (E.D. Cal. June 30, 2016) (dismissing equal protection claim as insufficiently plead based on claim that the plaintiff was a "a natural person of Hispanic origin," and, Defendants' conduct was "because of Plaintiff's Hispanic ethnicity").

Moreover, an allegation of a systemic form of racism by the City of Chula Vista, (Dkt. No. 35, TAC ¶ 28), does not support an equal protection claim. *See Elsayed v. McAlee*, Case No. 18-cv-01256-JST, 2018 WL 5880821, at * 4 (N.D. Cal. Nov. 8, 2018) (the "Police Department's history of racial profiling, without any specific facts suggesting discriminatory intent on the part of the officer defendants, also is not enough.").

Accordingly, the Court GRANTS Defendants' motion to dismiss the second cause of action for violation of the equal protection clause under the Fourteenth Amendment.[2]

## C.   First and Second Causes of Action - *Monell* Claims

Defendants[3] argue that the first and second causes of action under 42 U.S.C. § 1983 must be dismissed because Plaintiff failed to allege a claim under *Monell*.  (Dkt. No. 36-1 at 15-17.)  Plaintiff disagrees and maintains he has stated a *Monell* claim against Defendants in their official capacities.  (Dkt. No. 38 at 6.)  However, he agrees that the

---

[2] Because the Court grants dismissal on the merits of the Rule 12(b)(6) claim, it need not address Defendants' argument that the claim is barred by the statute of limitations.

[3] Besides the municipal and supervisory personnel defendants, Officer Defendants also move to dismiss the § 1983 claims under *Monell*.  (Dkt. No. 36-1 at 15 (citing *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir 1991) ("A suit against a government officer in his official capacity is equivalent to a suit against the governmental entity itself.").  However, *Monell* does not apply to individual employee defendants unless they are in a supervisory position in charge of policy or custom. *See Monell*, 436 U.S. at 694 ("it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *Avalos v. Baca*, 517 F. Supp. 2d 1156, 1162 (C.D. Cal. 2007) ("To maintain a § 1983 claim against a public entity defendant, or supervisors not personally involved in the alleged violation, a plaintiff must allege that his or her constitutional injury resulted from a policy, practice or custom of the local entity.").  Defendants' citation to *Larez* is not supportive because the Ninth Circuit was addressing a claim against the Chief of Police, and not the individual police officers.  Because Plaintiff has not alleged that Officer Defendants were in a position to affect a policy or custom of the municipality, their *Monell* arguments are without merit.

1   Chula Vista Police Department may be dismissed.  (*Id.* at 6.)  Accordingly, the Court

2   GRANTS dismissal of the CVPD as a defendant.

3         Cities, counties and other local government entities are subject to claims under 42

4   U.S.C. § 1983.  *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658

5   (1978).  While municipalities, their agencies and their supervisory personnel cannot be

6   held liable under § 1983 on any theory of respondeat superior or vicarious liability, they

7   can, however, be held liable for deprivations of constitutional rights resulting from their

8   formal policies or customs.  *Id.* at 691-93.  Liability only attaches where the municipality

9   itself causes the constitutional violation through "execution of a government's policy or

10  custom, whether made by its lawmakers or by those whose edicts or acts may fairly be

11  said to represent official policy."  *Id.* at 694.

12        To prevail, a plaintiff must prove "(1) [the plaintiff] had a constitutional right of

13  which he was deprived; (2) the municipality had a policy; (3) the policy amounts to

14  deliberate indifference to his constitutional right; and (4) 'the policy is the moving force

15  behind the constitutional violation.'"  *Gordon v. Cnty. of Orange*, 6 F. 4th 961, 973 (9th

16  Cir. 2021) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).  The

17  "failure to train may amount to a policy of 'deliberate indifference,' if the need to train

18  was obvious and the failure to do so made a violation of constitutional rights likely."

19  *Dougherty*, 654 F.3d at 900 (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)).  In

20  addition, "a failure to supervise that is 'sufficiently inadequate' may amount to

21  'deliberate indifference.'"  *Id.* (citing *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235

22  (9th Cir. 1989).  For purposes of surviving a Rule 12(b)(6) challenge based on an

23  unconstitutional policy or custom, a plaintiff must "(1) identify the challenged

24  policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the

25  policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted

26  to deliberate indifference, i.e. show how the deficiency involved was obvious and the

27  constitutional injury was likely to occur."  *Young v. City of Visalia*, 687 F. Supp. 2d 1155,

28  1163 (E.D. Cal. 2010) (citations omitted).

1    Here, on the first cause of action alleging excessive force, the TAC summarily

2  alleges "[a]s a direct and proximate result of the customs, practices, and policies of all

3  Defendants described in this complaint, Mr. Mora suffered injury, loss, and damage,

4  including physical injury, loss of liberty, invasion of privacy, humiliation, emotional

5  distress, pain, and suffering, and has incurred medical expenses."[4]  (Dkt. No. 35, TAC ¶

6  24.)  On the second cause of action alleging an equal protection violation, Plaintiff

7  complains that "Defendant Police Officers were trained by the Defendants CHULA

8  VISTA POLICE DEPARTMENT, ROXANE KENNEDY, and the CITY OF CHULA

9  VISTA to respond with force, which they did not hesitate to do in this particular

10  situation."  (*Id.* ¶ 28.)

11    These allegations do not identify a policy or custom, how the policy or custom was

12  deficient, how a policy or custom caused harm and how the policy or custom amounted to

13  deliberate indifference.[5]  Accordingly, the Court GRANTS Defendants City of Chula

14  Vista and Police Chief Kennedy's motion to dismiss the *Monell* claims alleged against

15  them on the first and second causes of action.

16  **D.    Supervisory Liability as to Defendant Roxana Kennedy, Chief of Police**

17    Defendants maintain that the TAC does not allege any facts to support supervisory

18  liability.  (Dkt. No. 36-1 at 19-20.)  Plaintiff responds that he has alleged that Kennedy is

19  the Police Chief for the CVPD and is culpable in not properly training, supervising or

---

[4] The TAC also alleges that the City of Chula Vista, Chula Vista Police Department and Roxana Kennedy "are vicariously liable for its employees' negligent acts or omissions within the scope of employment."  (Dkt. No. 35, TAC ¶ 26.)  However, there is no vicarious liability under *Monell*.  *See Monell*, 436 U.S. at 692.

[5] In his opposition, Plaintiff argues the TAC clearly identifies the challenged policy/custom regarding the use of force.  However, the TAC contains no such allegations.  He further argues that he also "explained how the policy regarding the use of force was deficient because, among other things, failed to instruct police officers on how to recognize and handle situations similar to Plaintiff's; described how the policy caused plaintiff harm; and the failure to properly train the officers was obvious and made the constitutional injury likely to occur."  (Dkt. No. 38 at 6.)  These summary arguments, even if they were alleged in the TAC, are still deficient because Plaintiff fails to provide additional facts to explain the policy or custom, how the policy or custom was deficient, how the policy or custom caused harm and how the policy or custom amounted to deliberate indifference.

controlling her subordinates.  (Dkt. No. 38 at 7.)  She also acquiesced in the constitutional violation and demonstrated conduct that showed a reckless and callous indifference to the rights of others.  (*Id.*)

The TAC alleges Police Chief Kennedy is responsible for enforcement of the regulations of the CVPD and making sure police officers obey the laws and is responsible for overseeing and directing the entire Department including ordering necessary training.  (Dkt. No. 35, TAC ¶ 8.)  Chief Kennedy had prior notice that Defendant Police Officers had "vicious propensities" but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority."  (*Id.* ¶ 15.)  She failed to train them on the applicable provision of the California Penal Code regarding the proper use of force.  (*Id.*)  Defendant Police Officers lacked the training necessary to properly assess the situation and caused a direct violation of Plaintiff's civil rights.  (*Id.*)

"A supervisor can be liable in [her] individual capacity for [her] own culpable action or inaction in the training, supervision, or control of his subordinates; for [her] acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."  *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal alteration and quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.").  To establish a prima facie case of supervisor liability, a plaintiff must show facts to indicate that the supervisor defendant either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy "so deficient that the policy itself 'is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor*, 880 F.2d at 1045.

20cv779-GPC(AGS)

Here, Plaintiff alleges that Chief Kennedy knew of the alleged violations and failed to act to prevent them. (Dkt. No. 35, TAC ¶ 15.) Besides conclusory assertions, Plaintiff does not provide any specific allegations that Chief Kennedy knew about the "vicious propensities" of the Officer Defendants and how she failed to take action to stop their alleged abuse. *See Hydrick v. Hunter*, 669 F.3d 937, 941-42 (9th Cir. 2012) (allegation that "Defendants have personal knowledge of retaliation against [the Plaintiffs] for participation in lawsuits, but Defendants' policies, practices and customs permit and encourage retaliation" was bald and conclusory because there was no allegation of a specific policy or custom or any specific claims about each defendant's purported knowledge of the retaliation). Accordingly, the Court GRANTS Defendants' motion to dismiss the claims against Chief Kennedy based on supervisory liability in her individual capacity.

**E.     Punitive Damages**

Defendants argue that the TAC fails to allege facts to support punitive damages against the individual Officer Defendants. (Dkt. No. 36-1 at 22-23.) In response, Plaintiff summarily claims that "Defendants' must pay punitive damages . . . for the egregious and reprehensible acts committed on Mr. Mora." (Dkt. No. 18 at 13.)

Punitive damages are permitted in a § 1983 case "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983); *see also Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005). Accordingly, "malicious, wanton, or oppressive acts or omissions" are "proper predicates for punitive damages under Section 1983." *Dang,* 422 F.3d at 807.

The Ninth Circuit has not resolved whether a motion to dismiss punitive damages falls under the type of motion for dismissal of a claim under Rule 12(b)(6). In *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970 (9th Cir. 2010), the Ninth Circuit held that a Rule 12(f) motion to strike is not the procedural means to attack a punitive damages prayer on the grounds that it is precluded as a matter of law. *Id.* at 974-75. It

10

explained that these arguments were "better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Id.* at 974.  Since *Whittlestone*, district courts have been split of whether a punitive damages claim may be raised on a Rule 12(b)(6) motion based on the sufficiency of the pleading or barred as a matter of law.  Some district courts have concluded that *Whittlestone* holds that a Rule 12(b)(6) motion to dismiss is the "proper vehicle for challenging the sufficiency of a punitive damages claim."  *Oushana v. Lowe's Cos., Inc.*, No. 1:16–cv–01782–AWI–SAB, 2017 WL 5070271, at \*2 (E.D. Cal. Nov. 3, 2017) ("The proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6).").  Others have determined that *Whittlestone* "authoriz[es] a motion to dismiss a damage prayer only where [a] defendant contends the damages are precluded as a matter of law."  *Sturm v. Rasmussen*, No.: 18-CV-01689-W-BLM, 2019 WL 626167, at \*3 (S.D. Cal. Feb. 14, 2019) (citing cases).  Other courts, irrespective of whether the defendant challenges punitive damages as a matter of law or sufficiency of the pleadings, have rejected any challenge to punitive damages on a Rule 12(b)(6) motion because it is a remedy and not a claim.  *Elias v. Navasartian,* No. 1:15-CV-01567-LJO-GSA-PC, 2017 WL 1013122, at \*4 (E.D. Cal. Feb. 17, 2017) ("Recent court decisions have held that because a prayer for relief is a remedy and not a claim, a Rule 12(b)(6) motion to dismiss for failure to state a claim is not a proper vehicle to challenge a plaintiff's prayer for punitive damages, because Rule 12(b)(6) only countenances dismissal for failure to state a claim.") (collecting cases), *report and recommendation adopted*, No. 1:15-CV-01567-LJO-GSA-PC, 2017 WL 977793 (E.D. Cal. Mar. 13, 2017).

Here, even if the Court considers Defendants' argument that the punitive damages are not sufficiently alleged, it survives.  The remaining § 1983 claim for excessive force alleges that the individual Officer Defendants acted with reckless indifference to Plaintiffs' constitutional rights when they used excessive force on him instead of providing needed medical attention.  (Dkt. No. 35, TAC ¶ 51.)  Therefore, Plaintiff has sufficiently alleged punitive damages, and the Court DENIES Defendants' motion to

dismiss the punitive damages claim.  *See Clark v. Allstate Ins. Co.,* 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000) ("a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent."); *Equine Legal Solutions, Inc. v. Buntrock*, No. C 07-04976 CRB, 2008 WL 111237, at *2 (N.D. Cal. Jan. 9, 2008) (denying motion to strike prayer for punitive damages because complaint alleged in single statement that defendants "acted with oppression, malice, and fraud").

Because the remaining claim is the excessive force claim against Officer Defendants, the Court DENIES Defendants' motion for a more definite statement under Rule 12(e) because the TAC provides sufficient notice to them.  (*See* Dkt. No. 24 at 5 ("On the first claim for excessive force, the Court concludes that the facts sufficiently place Defendant Police Officers on notice as to the allegations against them.").)

### Conclusion

Based on the above, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss.  The Court GRANTS Defendants' motion to dismiss the City of Chula Vista and Roxana Kennedy's motion to dismiss the first cause of action for excessive force but DENIES Defendants' motion to dismiss Officers Defendants Drouin, Rodrigues and Arnold the claim for excessive force.[6]  The Court GRANTS Defendants' motion to dismiss the second cause of action for violation of the equal protection clause.  Further, the Court GRANTS Defendants' motion to dismiss third cause of action for false imprisonment, fourth cause of action for assault, fifth cause of action for battery, and sixth cause of action for conspiracy tort as unopposed.  Finally, the Court DENIES Defendants' motion to dismiss the prayer for punitive damages.  Officer Defendants shall

---

[6] Plaintiff does not seek leave to file a fourth amended complaint and the Court declines to *sua sponte* grant leave to amend since Plaintiff has had four attempts to properly allege claims and the Court already warned Plaintiff that he had one final opportunity in its prior order granting him leave to file a second amended complaint.  (Dkt. No. 24 at 14.)

file an answer in accordance with the Federal Rules of Civil Procedure.  The hearing set on September 24, 2021 shall be **<u>vacated.</u>**

     IT IS SO ORDERED.

Dated:  September 16, 2021

Hon. Gonzalo P. Curiel
United States District Judge